Jack W. GREENE

v.

Louis SULLIVAN, Secretary, United States Department of Health and Human Services.

No. CIV–3–89–758.

United States District Court,
E.D. Tennessee, N.D.

Feb. 8, 1990.

See also 731 F.Supp. 838.

Charles Beach, Clinton, Tenn., for plaintiff.

John Gill, U.S. Atty., Knoxville, Tenn., for defendant.

## ORDER

HULL, Chief Judge.

This is an action for judicial review of the final decision of the Secretary to impose upon plaintiff Jack W. Greene a mandatory five-year exclusion from participation in the Medicare program and from certain other state health care programs as defined by Section 1128(h) of the Social Security Act, 42 U.S.C. § 1320a–7(h). Plaintiff also challenges the imposition of the civil sanction on double jeopardy grounds and raises a due process challenge to the entire administrative procedure which resulted in the exclusion in question. The case is now before the Court on the defendant's motion to dismiss. Rule 12(b)(6), Federal Rules of Civil Procedure. (Doc. 5).

The Court sees no reason to dismiss this case. Judicial review of the administrative action is available pursuant to 42 U.S.C. § 405(g). The plaintiff has exhausted his administrative remedies and the entire record is before the Court. The issues preserved throughout the administrative appeal, and briefed by both parties, will be considered in this Order. Plaintiff's claim that he has been deprived of a liberty interest in his good name, *etc.*, without due process of law and that his constitutional protection against double jeopardy has been violated will not be reached in this Order because they have yet to be addressed by the defendant Secretary.

Jack W. Greene is a pharmacist who operated a drug store in Oliver Springs, Tennessee. On April 27, 1987, the Anderson County grand jury indicted him on eighteen counts of filing false reports in violation of T.C.A. § 14–23–118. On January 29, 1988, Mr. Greene plead guilty to one count of falsely billing the State of Tennessee for having filled a prescription with a brand-named drug when, instead, he had actually dispensed a generic drug of lesser value. It is undisputed that this false claim was paid by Medicaid and resulted in a Medicaid overpayment.

On March 22, 1988, the Office of Investigations, Office of the Inspector General, notified Mr. Greene that the 1987 amendments to the Medicare–Medicaid antifraud and abuse provisions required that, because of his criminal conviction, he be excluded from participation in the Medicare and related programs for a period of at least five years. Mr. Greene challenged this administrative action, relying on three basic arguments. First, he contended that the Secretary had unlawfully delegated to the Inspector General his statutory authority to impose exclusion sanctions, violating 42 U.S.C. § 3526, which prohibits the transfer to the Inspector General of "program operating responsibilities." Second, he argued that the Secretary could not properly make *any* exclusion determinations under the 1987 revisions to 42 U.S.C. § 1320a–7, before adopting regulations implementing the changed laws. His third contention was that the Inspector General improperly characterized his crime as one requiring

mandatory program exclusion pursuant to 42 U.S.C. § 1320a–7(a)(1), when the offense should have been characterized as one permitting discretionary exclusion pursuant to § 1320a–7(b)(1)—a determination which would have allowed him to offer evidence in mitigation of his offense and might have reduced or eliminated his period of exclusion. Each of these issues was decided against him throughout his administrative appeal and each is properly before this Court for reconsideration.

I. *The Secretary's Delegation of the Exclusion Sanction Authority to the Inspector General.*

■ The Secretary of Health and Human Services is primarily responsible for the administration of the government's various health care programs established under the Social Security Act. Many of the responsibilities for administering the Medicare and Medicaid programs were originally delegated to the Administrator of the Health Care Financing Administration. This included the authority to detect, prosecute and punish fraudulent activities under the Medicare and Medicaid programs. On April 18, 1983, the Secretary transferred that responsibility to the Office of the Inspector General— an office crated by Congress in Pub.L. No. 94–505 to "prevent and detect fraud and abuse in … [Health and Human Services] programs and operations." 42 U.S.C. § 3521. Congress had authorized the Secretary to transfer to the Inspector General "such other offices or agencies, or functions, powers, or duties thereof, as the Secretary … may determine are properly related to the functions of the Office and would, if so transferred, further the purpose of this subchapter." 42 U.S.C. § 3526(a)(3). The sole limitation on this transfer power was the prohibition from assigning to the Inspector General "program operating responsibilities." *Id.* Mr. Greene's contention is that the Secretary unlawfully delegated the exclusion sanction authority to the Inspector General because it is a "program operating responsibility."

While Congress did not define "program operating responsibilities," the legislative history of the Inspector General statute suggests that Congress was referring to day-to-day, "hands-on" responsibilities for the overall administration of the Department's health and welfare programs. The history makes it clear that Congress fully intended the Inspector General to detect and prevent fraud and abuse in program operations. The Court sees nothing inappropriate in the Secretary's delegation of the exclusion sanction authority to this office and is of the opinion that this first argument is totally without merit.

II. *Whether Additional Rule–Making is Required by Either the 1987 Amendments or the Administrative Procedure Act as a Prerequisite to Imposition of a Mandatory Five–Year Exclusion.*

■ Mr. Greene argues that both the Administrative Procedure Act and the Medicare and Medicaid Patient and Program Protection Act of 1987, require the adoption of additional regulations before the agency can apply the exclusion authority. The Court disagrees. In 1977, Congress enacted the Medicare–Medicaid Antifraud and Abuse Amendments requiring the Secretary to suspend any physician or "other individual practitioner" convicted "of a criminal offense related to such physician's or practitioner's involvement" in the Medicare and Medicaid programs. The 1987 amendments simply imposed a five-year minimum period of exclusion for program-related convictions. These provisions are self-executing and do not require the formation of additional regulations prior to their application. Adequate notice and hearing regulations were already in place when Congress enacted the 1987 Amendments. The Court finds this second argument equally without merit.

III. *The imposition of mandatory sanctions pursuant to 42 U.S.C. § 1320a–7(a)(1) rather than permissive sanctions pursuant to 42 U.S.C. § 1320a–7(b).*

■ The statutory language pertinent to this question reads as follows:

Section 1320a–7. Exclusion of certain individuals from program

(a) Mandatory exclusion

The Secretary shall exclude the following individuals and entities from participation in any program under ... this chapter and shall direct that the following individuals and entities be excluded from participation in any State health care program (as defined in subsection (h) of this section):

(1) Conviction of program-related crime

Any individual or entity that has been convicted of a criminal offense related to the delivery of an item or service under subchapter XVIII to this chapter or under any State health care program.

\* \* \* \* \* \*

(b) Permissive exclusion

The Secretary may exclude the following individuals and entities from participation in any program under subchapter XVIII of this chapter and may direct that the following individuals and entities be excluded from participation in any State health care program.

(1) Conviction relating to fraud

Any individual or entity that has been convicted under Federal or State law, in connection with the delivery of a health care item or service or with respect to any act or omission in a program operated by or financed in whole or in part by any Federal, State, or local government agency, of a criminal offense relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct.

Mr. Greene makes the argument that his criminal offense was not related to the "delivery of items or services" but was merely a financial crime, occurring after delivery which would fall under Section 1320a–7(b). This being so, he should have been permitted to offer evidence in mitigation which might have shortened or entirely eliminated the exclusion period imposed. This argument is manifestly incorrect. The language of the statute itself as well as its legislative history indicate that the dichotomy was not intended to be between financial crimes and crimes in the delivery of services (such as direct patient abuse) but between program-related crimes and other relevant crimes which did not de-

fraud the program itself (such as fraud on insurance companies). There is no question that Mr. Greene's crime resulted in a Medicaid overpayment and was a program-related crime triggering the mandatory exclusion under Section 1320a–7(a).

None of the arguments raised in the administrative appeal require reversal of the sanction.

However, the Court is interested in the plaintiff's argument that the civil sanctions are punitive rather than remedial and have the effect of a second punishment in violation of the double jeopardy clause of the Fifth Amendment. *See United States v. Halper,* —— U.S. ——, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The Court will consider this argument as well as the plaintiff's due process challenge to the administrative procedures, taken as a whole, when they have been addressed by the defendant.

Accordingly, the Secretary's motion to dismiss is hereby DENIED.